35 F.3d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Gary HOUSLEY, Plaintiff-Appellant,
v.
UNITED STATES of America, John C. Lawn, individually and as
director of the Drug Enforcement Administration, William
Webster, individually and as director of the Federal Bureau
of Investigation, David Paull, L. Anthony White, Other
Agents of the Department of Justice Yet Unknown, Defendants-Appellees.
 No. 93-15446.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 13, 1994.
Decided Sept. 7, 1994.*
 
 1
 Before: GOODWIN, NORRIS, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff Housley claims that defendants violated his statutory and constitutional rights by performing illegal searches and unauthorized electronic surveillance. In his complaint, Housley pleaded multiple counts sounding in state law, federal constitutional law,[1] and federal statutory law.[2] He named as defendants the United States, and the following persons in their individual and official capacities: John Lawn (Director of the Drug Enforcement Agency), William Webster (Director of the Federal Bureau of Investigation), David Paull (DEA agent), Anthony White (Assistant United States Attorney). The district court dismissed Housley's complaint for failure to state a claim.[3]
 
 
 4
 Defendants claim that the complaint should be dismissed because defendants Lawn, Webster, and Paull are entitled to qualified immunity, and defendant White is entitled to prosecutorial immunity. But in his complaint, Housley alleges that defendants Lawn, Webster, and Paull personally and flagrantly violated clearly established statutory and constitutional law. If he can make this factual showing, defendants cannot benefit from qualified immunity. In addition, Housley argues that defendant AUSA White violated Housley's constitutional rights by covering-up the illegal searches and that these acts stand outside the scope of White's role as prosecutor. Because plaintiff can conceivably prove some set of facts that would deprive defendants of immunity, Housley's complaint should not have been dismissed on immunity grounds. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").
 
 
 5
 In addition, defendants argue that Housley's FTCA claims and statutory wiretapping claim are time-barred. Housley's claims against the United States and the individual defendants in their official capacities are governed by a two-year statute of limitations under the Federal Tort Claims Act.[4] Housley's statutory wiretapping claim is also governed by a two-year statute.[5] Defendants argue that at the latest, Housley should have found out about the searches by the time of his conviction in July 1986. Since he did not take legal action until September 1988, defendants argue that his FTCA and wiretapping claims are time-barred.
 
 
 6
 But Housley alleges in his complaint that the reason why he did not file his claim until September 1988 was because defendants successfully concealed their unlawful actions until May 1988. Housley alleges that he has made a diligent effort at all times to uncover defendants' illegal activities and that the sole cause for delay in filing his suit is attributable to defendants' concealment.
 
 
 7
 If Housley can prove these facts, the discovery rule would toll the statute of limitations, and his FTCA and statutory claims would not be time-barred. See Raddatz v. United States, 750 F.2d 791, 796 (9th Cir.1984); Briley v. State of California, 564 F.2d 849, 855 (9th Cir.1977). Accordingly, the district court erred in dismissing these claims on statute of limitations grounds at the Fed.R.Civ.P. 12(b)(6) stage of the litigation.[6]
 
 
 8
 The district court's judgment dismissing Housley's complaint is VACATED, and the cause is REMANDED for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Housley asserted a Bivens claim based on Fourth Amendment violations. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)
 
 
 [2]
 Housley asserted that defendants violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. Secs. 2510-2520
 
 
 [3]
 We address the issue whether the district court erred by subjecting Housley's complaint to a heightened pleading standard in a companion published opinion
 
 
 [4]
 See 28 U.S.C. Sec. 2401(b) ("[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.")
 
 
 [5]
 See 18 U.S.C. 2520(e) (requiring civil actions to be commenced no later than two years after the date the claimant "first has a reasonable opportunity to discover the violation.")
 
 
 [6]
 Even if defendants were correct that Housley's FTCA and statutory claims were time-barred, Housley's Bivens claim would still remain. The government does not argue that that claim was time-barred. Nor has the district court ruled that the Bivens claim was time-barred